CAESAR J. PARISE *et al. vs.* BOARD OF CANVASSERS AND REGISTRATION OF THE CITY OF CRANSTON.

MAY 10, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

494

POWERS, J. This is a petition for certiorari brought to review the action of the board of canvassers and registration of the city of Cranston in issuing certificates of election to certain contestants other than the petitioners, all of whom were candidates for the office of Democratic fourth ward committeeman in said city. We issued the writ and pursuant thereto the respondent board has certified the records to this court.

It appears therefrom that Caesar J. Parise and four others, petitioners herein, pursuant to the provisions of G. L. 1956, §17-14-7, as amended, qualified as candidates along with thirteen others for the office of fourth ward Democratic committeeman to be voted upon at the Democratic primary on September 28, 1960; that among the remaining thirteen candidates who were certified by the respondent board as having qualified were James E. Sweeney, Jr. and four others, hereinafter called the contestants, who, in addition to procuring the required signatures, were endorsed candidates of the Democratic party; and that final nomination papers for the candidacy of contestant Sweeney as a member of the Cranston school committee and the other four contestants for the office of city council from the fourth

ward were filed with the respondent board which, being found to have sufficient valid signatures, were certified by the respondent board to the secretary of state in accordance with law.

It further appears that all said contestants represented to respondent on August 24, 1960 that they had just learned of the final nomination papers filed in behalf of their candidacies for the school committee and city council; that they had not authorized anyone to act on their behalf in the premises; that they were not in fact candidates for any office on final nomination papers; and demanded that their names be withdrawn from said final nomination papers. They were advised by respondent that the time for withdrawing had passed; that the nomination papers in question, bearing the designation Cranston Independent party, had been certified to the secretary of state; and that respondent was without authority to comply with the contestants' demand.

The record further discloses that the contestants thereupon appealed to the board of elections, filed affidavits with the board in which they denied all knowledge as aforesaid, declared that they had not given their consent to be nominated as Independent candidates for school committee and city council, and renewed their demand that their nominations as Independent candidates for said offices be declared null and void. On August 30, 1960 the board of elections acted on the contestants' demands, declared the final nomination papers to be null and void ab initio, directed the secretary of state to return the papers to respondent, and thus effectively canceled the contestants' purported nominations for the offices of school committee and city council respectively.

The record also contains a travel of the efforts made by petitioners to have the candidacies of the contestants for the office of Democratic fourth ward committee declared void by reason of their nominations as Independent candi-

dates in accordance with the provisions of G. L. 1956, §§17-14-2 and 17-15-24, as amended.

The pertinent language of §17-14-2 as amended is, "No person shall be eligible * * * to be a candidate or be eligible to be voted for or * * * elected in a party primary, unless such person shall * * * at the time of the holding of said primary, be a qualified voter eligible to vote at the primary of said political party." The pertinent language of §17-15-24 as amended is, "No person shall be entitled to vote in the primary election of any political party who * * * has been within twelve (12) calendar months a candidate on final nomination papers."

Thus in reading these provisions together it appears that the contestants at the time of the primary, September 28, 1960, would have been candidates for school committee and city council respectively within twelve calendar months, hence not eligible to vote in the September 28 primary and for that reason not eligible to be voted for as fourth ward Democratic committee candidates. Such would have been the result if petitioners' efforts had been successful.

The petitioners' protest to respondent, however, proved unavailing and the Democratic primary was held on September 28, 1960 with a total of eighteen candidates, including the contestants and petitioners, seeking nine positions on the Democratic fourth ward committee.

The final tabulation of the votes cast at the primary discloses that the contestants were among the first nine candidates, while petitioners finished tenth through fourteenth in the balloting. It is petitioners' position that if the five contestants who finished among the first nine and to whom certificates of election have been issued by respondent were ineligible candidates, it follows that petitioners were among the first or top nine in the balloting and entitled to have been declared elected. To test that question they initiated the instant proceedings.

The petitioners argue several contentions in support of

their position, but we do not deem it necessary to consider them in the view we take of the controlling issue, namely, did the legislature intend that an elector otherwise qualified to participate in the primary of the party of his choice could be deprived of his status by the action of others taken without his knowledge or consent? We think not. The clear import of the statutory provisions on which the petitioners rely is to give to an elector the freedom to choose between the political parties or, in the alternative, independent status, but not both. The choice, however, is for the elector to make and he cannot be deprived of making that choice by unwarranted interference in his private affairs, however ingeniously attempted. It is within the prerogatives of the legislature to provide for the recognition of political parties, define membership therein, and by appropriate measures secure stability for the political system it creates. It is inconceivable that measures adopted to these ends could be so interpreted as to defeat the very purposes for which they were enacted.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent board with our decision endorsed thereon.

*Pontarelli & Berberian, Aram K. Berberian,* for petitioners.

*Charles A. Kelley,* City Solicitor, *Abraham Goldstein, Richard M. Casparian,* for respondent.